**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HENRY BEVERLY,               )
                               )
         Plaintiff,        )
                               )     No. 17 C 5590
     v.                  )
                               )     Judge Sara L. Ellis
ABBOTT LABORATORIES, an Illinois   )
corporation, and VICTORIA LUO,     )
                               )
        Defendants.     )

**ORDER**

The Court taxes costs in favor of Defendant Abbott Laboratories and against Plaintiff Henry Beverly in the amount of $8,045.45. See Statement for further details.

**STATEMENT**

Plaintiff Henry Beverly, an African American military veteran born in 1965, filed suit against his former employer, Abbott Laboratories ("Abbott"), and his direct supervisor, Victoria Luo. In July 2019, the Court ruled on the parties' motions for summary judgment. Doc. 82. The Court found that Beverly's claims for FMLA interference and retaliation (Counts I and II); IHRA race and age discrimination, § 1981 race discrimination, USERRA discrimination, and IHRA and § 1981 retaliation claims related to the reduction of Beverly's responsibilities (parts of Counts III, IV, V, VI, VII, and IX); and defamation (Count X) could proceed to trial. *Id.* Pretrial, the Court dismissed Beverly's USERRA discrimination claim. Doc. 209 at 4–5. As trial got underway, the Court agreed with Defendants' argument that Beverly's defamation claim failed as a matter of law and so entered judgment on that claim for Defendants. Doc. 235. On January 20, 2023, the jury returned a verdict for Abbott on Beverly's remaining claims of FMLA interference and retaliation, and race discrimination and retaliation related to the reduction in Beverly's job duties under the IHRA and § 1981. Abbott now seeks to recover $40,754.63 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1). While the Court has stayed enforcement of any taxation of costs until resolution of Beverly's motion for new trial and/or appeal, Doc. 252, the Court addresses Abbott's requests and Beverly's objection to the taxation of costs now.

Federal Rule of Civil Procedure 54(d) provides that unless a federal statute, the Federal Rules, or the Court provides otherwise, costs should be allowed to the prevailing party in a litigation. Pursuant to 28 U.S.C. § 1920, the Court may tax as costs certain fees, including those for "transcripts necessarily obtained for use in the case," witness fees, and "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The prevailing party is presumptively entitled to costs. *Beamon v. Marshall & Ilsley*

*Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The prevailing party maintains the burden of establishing that the potentially recoverable costs it incurred were reasonable and necessary. *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If the prevailing party satisfies that burden, the losing party bears the burden of showing that the costs are inappropriate. *Beamon*, 411 F.3d at 864. The Court enjoys "wide discretion in determining and awarding reasonable costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

Beverly challenges Abbott's ability to recover some of the costs requested, as well as the reasonableness of the recoverable costs. The Court addresses these objections below.

## I.     Transcripts

First, Abbott seeks to recover $6,818.90 in court reporter fees relating to depositions taken in the case, as well as $6,231.05 for daily transcripts of the trial and the pretrial conference. Section 1920(2) allows Abbott to recover fees for transcripts necessarily obtained for use in the case, but the recoverable cost is limited to the regular copy rate established by the Judicial Conference of the United States in effect at the time the transcript or deposition was filed unless another rate was previously provided for by order of the court. N.D. Ill. LR 54.1(b). The regular copy rate is $3.65 per page for an original transcript and $0.90 per page for a copy. *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates. Recoverable court reporter appearance fees may not exceed the published rates of $110 per half day (four hours or less) or $220 for a full day. *See id.*

Initially, Beverly objects to the requested amounts for the transcripts of the depositions of Victoria Luo, Kay Umscheid, Kevin Mason, Hamid Akhtar, and Bruce Tsai. Beverly argues that because the invoices for these transcripts identify the orders as a "copy," not an "original," *see* Doc. 247-3 at 1, 2, 5, 6, and 7, Abbott should have used the maximum copy rate ($0.90 per page) instead of the higher original transcript rate (with a maximum of $3.65 per page). But courts have interpreted Local Rule 54.1 "to mean that *each* party may tax costs for one copy of a transcript at $3.65 per page, and costs for a second copy at $0.90 per page." *Alarm Detection Sys., Inc. v. Orland Fire Protection Dist.*, No. 14 C 876, 2019 WL 3733443, at *1 (N.D. Ill. Aug. 8, 2019). Because the record suggests that these five transcripts were the only transcripts provided to Abbott, they are "more properly understood as original transcripts within the meaning of Local Rule 54.1." *Williams v. Schwarz*, No. 15 C 1691, 2018 WL 4705558, at *2 (N.D. Ill. Oct. 1, 2018) (quoting *Pezl v. Amore Mio, Inc.*, No. 08 C 3993, 2015 WL 2375381, at *2 (N.D. Ill. May 13, 2015)). Thus, the Court will not reduce Abbott's requested costs for these deposition transcripts.

Next, Beverly objects to Abbott's request for costs related to the video recording of Beverly's deposition, arguing that Abbott never used the video recording at summary judgment or trial and that Beverly should not have to pay for the cost of both a transcript and a video recording of his deposition. The Court agrees that Abbott has not shown that videotaping Beverly's deposition was reasonably necessary, particularly given the lack of indication at the time of his deposition that Beverly would not be available at trial and that he indeed testified live at trial. *See Chi. Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, No. 07 CV 623, 2014 WL

2

125937, at *4 (N.D. Ill. Jan. 14, 2014) (not allowing video-recording fees for witnesses who were not shown to have been unavailable); *Lawson v. Sun Microsystems, Inc.*, No. 107CV00196RLYMJD, 2016 WL 231317, at *3 (S.D. Ind. Jan. 19, 2016) (video-recording plaintiff expected to testify at trial was not reasonable or necessary). The Court therefore disallows the $1,210.00 requested for the videorecording of Beverly's deposition.

Beverly also objects to $73 in delivery and handling fees for his and Dr. Stan Smith's depositions. The Court agrees that these fees are not recoverable and so disallows them as well. *See Brown v. Cnty. of Cook*, No. 06 C 617, 2011 WL 4007333, at *3 (N.D. Ill. Sept. 8, 2011) (delivery costs "are generally considered ordinary business expenses"); *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 980–81 (N.D. Ill. 2003) (denying recovery for costs associated with the delivery of transcripts, which are "ordinary business expenses").

As for the transcripts of the trial testimony, Beverly argues that the Court should disallow the $5,452 Abbott requests for hourly transcripts. Abbott does not present any argument as to why it needed to obtain hourly transcription of the testimony at trial, let alone why it needed the trial transcript at all. This alone warrants disallowing the costs. *See Cork Plastering Co.*, 570 F.3d at 906 (the prevailing party maintains the burden of establishing that the potentially recoverable costs it incurred were reasonable and necessary). Moreover, in a non-complex and short trial such as this one, the Court agrees with Beverly that the hourly transcripts Abbott obtained amounted to a mere convenience for counsel and thus do not qualify as a recoverable cost. *See Martinez v. City of Chicago*, No. 14-cv-369, 2017 WL 1178233, at *23 (N.D. Ill. Mar. 30, 2017) (disallowing costs for expedited daily transcripts during trial, finding they were for convenience purposes only where the "six-day trial was not particularly lengthy or complicated" and the defendants "had multiple attorneys present during the trial"); *Allen v. City of Chicago*, No. 09 C 243, 2013 WL 1966363, at *4 (N.D. Ill. May 10, 2013) ("Costs for daily transcripts generally are not reasonably necessary, and thus may not be recovered, where the case is short and simple."). Thus, the Court disallows the $5,452 requested for hourly transcripts during trial.

In sum, the Court awards Abbott $6,314.95 in transcript fees.

## II.    Witness Fees

Next, Abbott seeks $1,050 for the witness fee it paid Dr. Mitchell Goodman, Beverly's treating psychiatrist, for his three-hour deposition. Abbott maintains that it had to pay Dr. Goodman his reasonable fee given his status as Beverly's treating physician and expert. Beverly objects that Dr. Goodman was not an expert and that, moreover, Abbott may only recover $40 per day for his testimony. Indeed, witnesses at depositions are entitled to attendance fees for their testimony, capped at $40.00 per day, plus additional expenses for travel, regardless of whether designated as an expert or not. 28 U.S.C. § 1821(b); *Lane v. Person*, 40 F.4th 813, 815 (7th Cir. 2022) ("[W]hen a prevailing party seeks witness fees under Rule 54 'a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary.' Section 1821(b) limits Nelson's fee to $40 per day, and no other authority allows more." (citation omitted)). And because Abbott has not submitted any documentation to support Dr. Goodman's travel expenses, the Court caps its recovery for Dr. Goodman's testimony at $40.

3

Abbott also seeks to recover $1,615.98 in lodging and travel expenses for three of its witnesses, Hamid Akhtar, Bruce Tsai, and Kay Umscheid. Sections 1821 and 1920(3) authorize recovery of reasonable lodging and travel expenses. *Majeske v. City of Chicago*, 218 F.3d 816, 825–26 (7th Cir. 2000). Beverly only takes issue with the cost of Tsai's lodging, arguing that it exceeds the maximum per diem allowance prescribed by the General Services Administration for Chicago. *See* 28 U.S.C. § 1821(d)(1)–(2). For Chicago at the time of the trial, the maximum allowance was $134 per night for lodging. *See* FY 2023 Per Diem Rates, http://www.gsa.gov/portal/category/100120. Abbott seeks recovery for two nights of Tsai's lodging, totaling $730.23. But the maximum Abbott can recover for Tsai's lodging for a two-night stay is $268.00, and so the Court disallows the remainder of the requested amount for Tsai's lodging. Further, although Beverly did not object to the amount Abbott requests for Umscheid's one-night hotel stay ($237.85), because that amount similarly exceeds the allowable rate, the Court reduces that amount to $134. Therefore, the Court only allows $1,049.90 in lodging and travel expenses. Added to the fee for Dr. Goodman's testimony, Abbott may recover $1,089.90 in witness fees.

## III. Copying and Exemplification Expenses

A prevailing party can recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Abbott seeks $1,281.20 in copying expenses for five copies of its exhibits used at trial (with each binder totaling 971 pages) and two copies of Beverly's exhibits used at trial (with each binder totaling 290 pages).[1] Abbott indicates that counsel performed the copying in-house and used a $0.20 per page rate to calculate the requested amount. Beverly argues that Abbott should not be allowed to recover for those copies it made for its own use. *See Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, No. 11 C 4574, 2016 WL 612792, at *6 (N.D. Ill. Feb. 16, 2016) ("Pursuant to section 1920(4), a prevailing party may recover photocopying costs for documents provided to the court or the other parties, but not for documents made for its own convenience."). Here, Abbott acknowledges that two of the copies of Defendants' exhibits were for its own counsel, and so the Court will disallow costs for those two sets. *See Smith v. Chicago Transit Auth.*, No. 12 C 8716, 2015 WL 2149552, at *7 (N.D. Ill. May 6, 2015) (three exhibit sets—for trial judge, trial use, and opposing counsel—was reasonable and necessary). The Court also will only allow Abbott to recover for one set of Beverly's trial exhibits, which the parties agreed Abbott, and not Beverly, would print for its own use, as the second set appears to be solely for Abbott's counsel's convenience. Thus, the Court allows $640.60 in copying fees.

Abbott also seeks recovery of $23,757.50 for graphics and exemplification of exhibits at trial. The Court considers whether the information presented actually required the means used by the moving party, determining if the exemplification was vital, just a convenience, or merely an extravagance. *See Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428–29 (7th Cir. 2000). Aside from a conclusory sentence that such services were necessary for use in the case, Abbott does not provide the Court with further explanation that would allow the Court to determine whether such costs are recoverable. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 981

---

[1] Abbott's calculation of the amount recoverable ($1,281.20) includes six copies of its exhibit binders despite requesting costs for only five copies. Thus, before even addressing Beverly's objections, the Court deducts $194.20 for the extra, unrequested copy.

(N.D. Ill. 2010) ("When a prevailing party does not identify the exhibits for which it claims costs, the 'court should deny awarding costs for the exhibits because it is impossible to determine whether the costs were necessary for use in the case.'" (citation omitted)); *Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.*, No. 99 C 7049, 2004 WL 1899882, at *8 (N.D. Ill. Aug. 12, 2004) ("Conclusory assertions that trial exhibit costs were necessary do not aid a court in assessing the necessity of the costs and determining whether to award exemplification costs."). And the invoice Abbott provided for its trial technology services does not allow the Court to make this determination, particularly given that Abbott has not identified which line items it has included in its $23,757.50 request, nor can the Court ascertain the rhyme or reason for that number from the invoice.[2] Without more, then, the Court declines to award Abbott its graphics and exemplification costs. *See Brumfield v. IBG LLC*, No. 10 C 715, 2022 WL 972277, at *5 (N.D. Ill. Mar. 31, 2022) (declining to award graphics and animations costs where the party's submissions did not make clear which invoice entries related to the costs the party sought for graphics services).

The Court thus awards Abbott $640.60 in copying and exemplification expenses.

## IV.     Summary

Having taken into account the reductions discussed above, the Court taxes $8,045.45 in costs in favor of Abbott and against Beverly.

Date:  July 12, 2023                                         /s/   Sara L. Ellis_____

---

[2] Further, while Abbott's counsel represented in an email to Beverly's counsel that it would file an annotated version with the Court highlighting the entries for which it sought recovery, Doc. 254-1, Abbott has not filed this promised annotated version on the docket.